EFILED IN OFFICE
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA
24SC-1601-B
Judge T. Russell McClelland
JUL 24, 2024 04:36 PM
Greg G. Allen, Clerk
Forsyth County, Georgia

**IN THE STATE COURT OF FORSYTH COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| NISHA LAKHANI, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | Civil Action No. |
| v. | ) | |
| | ) | |
| WAL-MART STORES EAST, LP (DELAWARE), WALMART INC., DOE 1, DOE 2, DOE 3, DOE 4, and DOE 5, | ) | JURY TRIAL DEMANDED |
| | ) | |
| DEFENDANTS. | ) | |
| | ) | |

## COMPLAINT

COME NOW Plaintiff in the above-styled action and hereby file her Complaint, as follows:

## PARTIES, JURISDICTION, AND VENUE

1.

Defendant Wal-Mart Stores East, LP (Delaware) ("Defendant(s)" or "Wal-Mart Stores East") is a foreign limited partnership registered to do business in Georgia and is located at 2395 Peachtree Parkway, Cumming, Georgia 30041, based on available records. Wal-Mart may be served on its registered agent, The Corporation Company (FL), at 410 Peachtree Parkway Suite 4245, Cumming, Forsyth County, Georgia, 30041.

2.

Jurisdiction and venue are proper as to Wal-Mart.

3.

Wal-Mart has been properly served with process in this matter.

4.

Defendant Walmart INC. ("Defendant(s)") is a foreign profit corporation registered to do business in Georgia and is located at 2395 Peachtree Parkway, Cumming, Georgia 30041, based on available records. Wal-Mart may be served on its registered agent, The Corporation Company (FL), at 410 Peachtree Parkway Suite 4245, Cumming, Forsyth County, Georgia, 30041.

5.

Jurisdiction and venue are proper as to Walmart INC.

6.

Walmart INC. has been properly served with process in this matter.

7.

Out of an abundance of caution, Plaintiff identifies DOE 1, DOE 2, DOE 3, DOE 4, and DOE 5 as party defendants, hereinafter referred to as Defendants or Defendant. The true names and capacities of these Defendants are unknown to Plaintiff. Plaintiff brings claims against said defendants by fictitious names. Each defendant designated as a DOE is the proper Wal-Mart entity or other entity owning or occupying the subject premises, and/or a manager and/or employee

and/or agent of Wal-Mart legally responsible for Decedent's injuries and death, for reasons as outlined in Plaintiff's Complaint. These DOE Defendants have received such notice of the institution of the action that they will not be prejudiced in maintaining defense on the merits. These DOE Defendants are on notice, and/or should have been on notice, except that but for a mistake as to the real party, the action would have been brought against them.

## OPERATIVE FACTS

8.

At all times relevant to this Complaint, Defendants owned, operated, controlled, occupied, and/or managed the Wal-Mart Facility No. 4185 located at 2395 Peachtree Parkway, Cumming, Georgia 30041.

9.

On or about August 14, 2022, Plaintiff Nisha Lakhani was shopping at the subject location, and was an invitee of the Wal-Mart referenced herein.

10.

While an invitee on the property, Lakhani was struck by a loose store shelf fell onto her, causing injury.

11.

At all relevant times and circumstances then existing, Lakhani exercised ordinary care and diligence and was an innocent victim.

12.

Defendants breached their duty owed to Plaintiff by failing to exercise ordinary care to keep their premises safe.

13.

Defendants knew, or with the exercise of due care for the safety of their invitees should have known, that a loose store shelf posed a hazard to invitees.

14.

Defendants failed to follow reasonably policies and procedures for inspecting in-store shelving units.

15.

As a result of the store shelf falling onto her, Lakhani was injured.

16.

As a result of the store shelf falling onto her, Lakhani incurred medical bills in the course of receiving medical treatment.

**LEGAL CLAIMS**

17.

As the owner and occupier of the subject Wal-Mart store, Defendants owed Lakhani a duty to exercise ordinary care to keep the premises and approaches safe.

18.

Defendants knew or should have known that the hazardous condition on the premises posed a risk to their patrons, including Plaintiff, and that the failure

to correct, mark, remove, and/or repair said conditions was likely to result in injuries to its invitees.

19.

Defendants had actual and constructive knowledge of the defective and hazardous condition(s) existing in its store and premises due to the presence of its employees and agents within the immediate area of the hazardous condition, and due to the existence of the condition(s) for an unreasonable period of time.

20.

Although Defendants knew or should have known of the risks of injuries to its invitees from the hazardous conditions, they negligently failed to take reasonable precautions to guard against the dangerous conditions and failed to protect its invitees from the conditions, including Plaintiff.

21.

Defendants negligently failed to remedy and respond to the hazard on the subject premises, thereby creating an unreasonable risk of injury to invitees, including Plaintiff.

22.

Defendants negligently failed to ensure that the Wal-Mart was safe for its patrons, including Plaintiff, and failed to inspect, repair, maintain, warn, or mark the dangerous condition, thereby causing Plaintiff's injuries.

23.

Defendants were negligent and said negligence proximately caused Plaintiff's injuries in the following ways, to-wit:

a) Violation of O.C.G.A. § 51-3-1 by failing to use ordinary care to keep the premises safe;

b) In failing to properly inspect and maintain the premises;

c) In knowingly allowing its invited guests to use an unsafe area of the premises;

d) In failing to post warning signs or warning markings;

e) In failing to properly train and supervise its employees to the care of said premises; and

f) In negligently retaining, entrusting, hiring, training and supervising said employees.

22.

Each of the forgoing acts and omissions constitute an independent act of negligence by Defendants and one or more or all of said herein above stated acts was the proximate cause of the injuries and damages sustained by Plaintiff.

24.

The injuries sustained by Plaintiff are the direct and proximate result of Defendants' negligence. But for said negligence, Plaintiff would not have suffered the injuries and losses discussed herein.

25.

Defendants' negligence was a cause in fact and a proximate cause of Decedent's injuries and death.

26.

Because of said injuries, Plaintiff has incurred reasonable and necessary medical and doctor expenses, and may continue to incur related medical expenses.

27.

Plaintiff is entitled to recover for the injuries and pain and suffering sustained, and all other elements of damages allowed under Georgia law, including but not limited to all compensatory, general, special, incidental, consequential, punitive and other damages permitted. Plaintiff states her intention to seek all compensatory, general, special, incidental, consequential, punitive and other damages permissible under Georgia law, including, but not limited to:

a) Personal injuries;

b) Past, present and future pain and suffering;

c) Past, present and future medical expenses;

d) Disability;

e) Mental anguish;

f) Loss of the capacity for the enjoyment of life;

g) Incidental expenses;

h) Permanent injuries; and

i) Consequential damages to be proven at trial.

28.

Plaintiff is entitled to an award of punitive damages, without limitation or cap, because the actions of Wal-Mart and its agents and employees showed an entire want of care, raising the presumption of conscious indifference to consequences.

29.

Plaintiff is entitled to attorney's fees and the expenses of litigation because Wal-Mart's actions evidence a specious of bad faith, were and are stubbornly litigious, and have caused Plaintiff unnecessary trouble and expense under O.C.G.A. § 13-6-11.

WHEREFORE, the Plaintiff prays for a judgment to be awarded to her and against the Defendant for the following:

1) Plaintiff be awarded actual damages in amounts to be shown at trial from the Defendant;
2) Plaintiff be awarded all general, special, compensatory, economic, punitive, attorney's fees and expenses, and other allowable damages in accordance with the enlightened conscience of an impartial jury from the Defendant and as permitted under Georgia law;
3) Plaintiff be awarded punitive damages in an amount to be determined by the enlightened conscience of the jury;

4) Plaintiff be awarded a trial by jury; and

5) Plaintiff has such other relief as this Court deems just and appropriate under the circumstances.

TRIAL BY JURY IS HEREBY DEMANDED.

Dated: July 24, 2024.

**PIASTA WALKER HAGENBUSH, LLC**

*/s/ Michael P. Walker*

Michael P. Walker
Georgia Bar No. 954678
Haley K. Kairab
Georgia Bar No. 540243
*Counsel for Plaintiff*

3301 Windy Ridge Parkway
Suite 110
Atlanta, Georgia 30339
(404) 996-1296
(404) 996-1316 (fax)
E: mike@piastawalker.com
haley@piastawalker.com

EFILED IN OFFICE
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA
24SC-1601-B
Judge T. Russell McClelland
JUL 24, 2024 04:36 PM
Greg G. Allen, Clerk
Forsyth County, Georgia

**IN THE STATE COURT OF FORSYTH COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| NISHA LAKHANI, PLAINTIFF, | ) | |
| v. | ) | Civil Action No. |
| WAL-MART STORES EAST, LP (DELAWARE), WALMART INC., DOE 1, DOE 2, DOE 3, DOE 4, and DOE 5, DEFENDANTS. | ) | JURY TRIAL DEMANDED |

**PLAINTIFF'S FIRST REQUESTS FOR ADMISSION TO DEFENDANTS**

TO: EACH DEFENDANT

Pursuant to O.C.G.A. Section 9-11-36, you are hereby requested to answer, in the form provided by law, the following Requests for Admission:

1.

You have been correctly named in the present cause insofar as the legal designation of names is concerned.

2.

You have been properly served as a party Defendant.

3.

Process is sufficient with regard to you in this case.

4.

Service of process is sufficient with regard to you in this case.

5.

Forsyth County State Court has jurisdiction over the subject matter of this case.

6.

Forsyth County State Court has personal jurisdiction over you as a party Defendant in this case.

7.

Venue is proper in Forsyth County State Court.

8.

On August 14, 2022 (the "date of incident"), you owned the real property located at 2395 Peachtree Parkway, Cumming, Georgia 30041 (the "Premises").

9.

On the date of incident, you owned the Walmart located on the Premises.

10.

On the date of incident, you managed the Walmart located on the Premises.

11.

On the date of incident, you operated the Walmart located on the Premises.

12.

On the date of incident, you held the position or title of "manager" (whether "general", "assistant," or other type of manager) at the Walmart located on the

Premises.

13.

On the date of incident, you were responsible for maintaining the Premises, including the area where Plaintiff was struck by a shelf.

14.

On the date of incident, and at the time of the incident injuring Plaintiff, you were in control of the Premises and area where Plaintiff was struck.

15.

You hired no other company, person, or business (other than your direct employees) to assist with inspecting the Premises and area where Plaintiff was struck.

16.

You hired no other company, person, or business (other than your direct employees) to assist with cleaning the Premises and area where Plaintiff was struck.

17.

Plaintiff has not failed to join an indispensable party in this action.

18.

Plaintiff has not failed to join a non-party who may be liable for Plaintiff's injuries.

19.

On the date of incident, and at and around the time that Plaintiff was struck, you had some responsibility for maintaining the Premises.

20.

On the date of incident, and at the time of the subject incident, you had some responsibility for identifying hazards at the Premises.

21.

Loose or unsecured shelves on the Premises were considered to be potential hazards according to your policies and procedures on the date of incident.

22.

Plaintiff was struck by a loose or unsecured shelf on the Premises on the date of incident.

23.

Plaintiff was struck because a loose or unsecured shelf fell onto her on the Premises on the date of incident.

24.

Before Plaintiff was struck by a shelf, you had actual knowledge of the condition that caused Plaintiff to be struck on the Premises on the date of incident.

25.

Before Plaintiff was struck by a shelf, you had constructive knowledge of the condition that caused Plaintiff to be struck on the Premises on the date of incident.

26.

Plaintiff suffered bodily injuries due to being struck by a shelf on the Premises on the date of incident.

27.

Plaintiff required medical treatment to address the bodily injuries she suffered due to being struck by a shelf on the Premises on the date of incident.

28.

Plaintiff incurred bills for medical treatment to address the bodily injuries she suffered due to being struck by a shelf on the Premises on the date of incident.

29.

The medical treatment Plaintiff received was reasonable and necessary.

29.

You do not have sweep/ inspection logs documenting the last time the area or shelving unit where Plaintiff was struck on the Premises on the date of incident was inspected for hazards before she was struck.

30.

You do not have sweep/ inspection logs documenting the last time the area or shelving unit where Plaintiff was struck on the Premises on the date of incident was cleaned before she was struck.

31.

You knew other people had been injured due to loose or unsecured shelves at the Premises prior to the date of the incident.

32.

You knew other people had been injured due to loose or unsecured shelves at the Premises after the date of the incident.

33.

You, your employees, agents, or contractors knew that there was at least one loose or unsecured shelf where Plaintiff was struck on the date of incident at the Premises.

34.

You, your employees, agents, or contractors did not provide verbal or written warnings of a loose or unsecured shelf where Plaintiff was struck on the date of incident prior to the subject incident.

35.

You, your employees, agents, or contractors provided verbal or written warnings of a loose or unsecured shelf where Plaintiff was struck on the date of incident prior to the subject incident.

Dated: July 24, 2024.

**PIASTA WALKER HAGENBUSH, LLC**

<u>*/s/ Michael P. Walker*</u>
Michael P. Walker
Georgia Bar No. 954678
Haley K. Kairab

3301 Windy Ridge Parkway
Suite 110
Atlanta, Georgia 30339
(404) 996-1296
(404) 996-1316 (fax)
E: mike@piastawalker.com
haley@piastawalker.com

Georgia Bar No. 540243
*Counsel for Plaintiff*

EFILED IN OFFICE
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA
24SC-1601-B
Judge T. Russell McClelland
JUL 24, 2024 04:36 PM
Greg G. Allen, Clerk
Forsyth County, Georgia

**IN THE STATE COURT OF FORSYTH COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| NISHA LAKHANI, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | Civil Action No. |
| v. | ) | |
| | ) | |
| WAL-MART STORES EAST, LP (DELAWARE), WALMART INC., DOE 1, DOE 2, DOE 3, DOE 4, and DOE 5, | ) | JURY TRIAL DEMANDED |
| | ) | |
| DEFENDANTS. | ) | |
| | ) | |

## PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANTS

TO: EACH DEFENDANT

Plaintiff hereby requests pursuant to O.C.G.A. § 9-11-26 and § 9-11-33 that Defendant(s) respond to the following written interrogatories under oath within the time permitted by law. Each of the following interrogatories shall be deemed continuing and must be supplemented by Defendant(s) to the extent required by O.C.G.A. § 9-11-26(e).

### DEFINITIONS AND INSTRUCTIONS

A. These interrogatories shall be deemed continuing to the extent permitted by O.C.G.A. § 9-11-26, et seq., so as to require Defendant(s) to serve upon all parties supplemental answers if Defendant(s) or its attorneys obtain further information between the time the answers are served and the time of trial.

B. "Document," whether singular or plural, means documents and other

tangible things defined in the broadest sense permitted by the Georgia Civil Practice Act and shall include without limitation originals or, if such are not available, true copies, including copies of documents, videotapes, computer data, and sound material, **whether in physical or electronic form**.

C. "Person" means any natural person, corporation, partnership, association, governmental entity, agency, group, organization, etc.

## INTERROGATORIES

1.

Please identify the person(s) or entities who owned, managed, inspected, cleaned, and controlled the Walmart located at 2395 Peachtree Parkway, Cumming, Georgia 30041 (the "Premises") on August 14, 2022 (the "date of incident"). If the ownership, control, or maintenance changed at any time since the date of incident, please identify every subsequent person or entity.

2.

Please identify all persons who inspected, cleaned, or maintained the area where Plaintiff was struck on the date of incident, including a detailed description of the action that was taken in regard to inspecting, cleaning, or maintaining the area at where Plaintiff was struck. Please include the specific times and names of persons performing such actions on the date of incident.

3.

Regarding the shelving unit from which the subject shelf fell, please identify:

a) Manufacturer/ brand;

b) Date of installation;

c) Dates of repair prior to the date of incident;

d) Dates of inspection prior to the date of incident;

e) Dates of cleaning prior to and through the date of incident;

f) The identity of the entity or individual performing repairs;

g) The identity of the entity or individual performing] cleaning services; and

h) The persons responsible for selecting the particular type, make, and model of shelves for use at this location on the Premises:

4.

If you are aware of any claim or complaint occurring at any point in time involving reported injuries due to injuries related to loose or unsecured shelves, please identify the details of said report or complaint, including what happened, dates, times, persons involved, and whether suit was filed.

5.

Please identify and describe in detail any program, policy or action implemented by you (before and at the time of Plaintiff's injuries) to inspect, clean, or maintain the Premises and area where Plaintiff was struck. This request also includes training procedures of your employees, agents, or business invitees that had any responsibility for inspecting, cleaning, and/ or maintaining the Premises.

6.

Please describe every warning that you claim was provided to Plaintiff or other person regarding any loose or unsecured shelves on the Premises on the date of incident.

7.

Give the name, address, and telephone number of all witnesses that have knowledge regarding the incident giving rise to this lawsuit or have knowledge of any fact or circumstance regarding the incident giving rise to this lawsuit. For each witness, please state the following:

(a) Whether the witness investigated any aspect of the occurrence which is the subject of this litigation, and whether each made a written record of the investigation;

(b) Whether the witness was an eyewitness to the incident;

(c) Whether the witness is or was an employee of Defendant(s). If the witness is an employee of Defendant(s), state their job title, whether they were a manager or supervisor, and whether they were working at the time of the incident;

(d) If you obtained a statement (oral, written, recorded, court or deposition transcript, etc.) from any witness identified by you. If you did obtain a statement, please state the name of each person giving the statement, the name and address of the person or entity taking each statement, the date each statement was taken,

and the name and address of each person having possession, custody, or control of each statement.

8.

Please identify all insurance, including excess or umbrella coverage or coverage by any other description (med-pay, etc.), which does or may afford insurance coverage to you for the claims made in this lawsuit, including the name of each insurance company, the applicable coverage, the insured(s) under each policy, and whether you have received any type of reservation of rights letter regarding coverage.

9.

Please identify all persons who have in any way investigated the claims made in this lawsuit, and whether each has made a written record of the investigation.

10.

Please list each act of negligence, contributory negligence, or comparative negligence you contend Plaintiff or any other person or entity, did or failed to do, which in any way contributed to the subject occurrence and Plaintiff's injuries.

11.

Please state in detail how you contend the subject occurrence took place and the order in which the events took place. Please include in this response a listing

of each person and circumstance you believe to have caused, or contributed to causing, the subject occurrence.

12.

Please state the basis (factual and legal) for each defense that you assert in this action, to include any service defenses.

13.

Please state the name and address of all expert witnesses or professional consultants retained or consulted by you or on your behalf in this lawsuit. With respect to each person, please state:

(a) the specific subject matter on which you expect such expert to testify;

(b) the substance of the facts, opinions, and conclusions which you expect such expert to testify;

(c) the grounds for each such opinion or conclusion;

(d) whether any of such persons have prepared or provided you with a written or recorded statement, or report concerning their investigation or study, or the facts found by them, or the conclusions or opinions arrived at by them or the grounds of their opinions or conclusions. If so, state the date of each such report or statement, and the names and addresses of all persons who have a copy of such report or statement.

(e) the name, business telephone number, and business address, of each person you retained or specially employed in the anticipation of litigation or

preparation for trial whom you do not expect to call as a witness at the trial of the case.

(f) whether the expert has ever been limited in the expert's ability to testify or ever been denied qualifications under a Daubert standard.

14.

Please identify with specificity all injury claims or complaints concerning claims regarding store shelves made against you for injuries occurring on the Premises, either before or after the incident that is the subject matter of this litigation, including the date, time and place of occurrence; the name, address and telephone number of all parties involved in said incident; the address of all investigating people or departments, personal injuries, if any, claimed in such incident; a short description of how the incident occurred, and whether suit was filed.

15.

Describe with particularity all photographs, charts, diagrams, videotapes, documents, illustrations, and/or other tangible items, of any person, place or thing involved in this lawsuit, giving the date each was made and the name and address of the person(s) with possession, custody or control of each item. (NOTE: You need not describe any document that was produced and specifically listed as having been produced in your responses to Plaintiff's First Request for Production of Documents.)

16.

State the substance of each conversation you or your agents or employees had with Plaintiff or their family or agents at any time and any statement made by Plaintiff or her family or agents.

17.

Please identify all documentary or other tangible evidence, not previously identified, which you believe demonstrates and/or supports facts relevant to the claims and/or defenses in this case.

18.

Please identify all potential parties, individuals, entities or other person that you contend are indispensable parties or that would be liable for any judgment obtained by Plaintiff in this action. This interrogatory includes any entity or person who may be nonparties at fault (such as under O.C.G.A. § 51-12-33 or other statute), including any non-party who may have caused or contributed to to Plaintiff's injuries.

19.

If there was an investigation made of the incident that forms the basis of this suit, please state whether the defendant conducted such investigation in anticipation of litigation, and if so, state each fact of which defendant was aware of at the time of the investigation that caused it to believe that it was conducting the investigation in anticipation of litigation.

20.

Please identify what efforts were made by the Defendants to inspect and clean the shelves at the Premises, including the area where Plaintiff was struck, and inspection procedures before and/or after the incident at issue.

21.

All personnel actions, canceled contracts, or other action related to the subject incident, including any reprimands, termination letters, contract terminations, or counseling statements to Defendant's employees, agents, contractors or other person for acts or omissions related to the subject incident.

22.

Please state when you first anticipated the litigation that is the subject matter of Plaintiff's Complaint, and identify all people, evidence, and documents supporting your response on when you first anticipated this litigation.

23.

Please describe in detail your evidence and document retention policies practices, and procedures, including retention of video/ surveillance tapes, concerning incidents at the subject store.

24.

Please identify every document, electronically stored information, or other tangible piece of evidence that was responsive to Plaintiff's First Request for Production of Documents that has been lost, destroyed, or cannot be found. For

each such document, ESI, or tangible piece of evidence, please state (1) when it was lost or destroyed, (2) who lost or destroyed it, and (3) the reasons it was lost or destroyed.

25.

Please describe in detail your efforts to locate documents, information, and evidence (including e-mail and electronically stored information) in response to Plaintiff's First Requests for Production of Documents and First Interrogatories. In your response, please state where you searched for documents (i.e, which records custodians); the search terms you used, if any; and the identity of every person who participated in locating responsive documents.

26.

Identify the individuals that placed any warning signs in or around the area where Plaintiff was struck on the date of incident on the Premises either before or after the incident, including their reason and purpose for placing the warning signs, and any person who instructed or directed the person to place the signs.

Dated: July 24, 2024.

**PIASTA WALKER HAGENBUSH, LLC**

*<u>/s/ Michael P. Walker</u>*
Michael P. Walker
Georgia Bar No. 954678
Haley K. Kairab

3301 Windy Ridge Parkway
Suite 110
Atlanta, Georgia 30339
(404) 996-1296
(404) 996-1316 (fax)
E: mike@piastawalker.com
haley@piastawalker.com

Georgia Bar No. 540243
*Counsel for Plaintiff*

EFILED IN OFFICE
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA
24SC-1601-B
Judge T. Russell McClelland
JUL 24, 2024 04:36 PM
Greg G. Allen, Clerk
Forsyth County, Georgia

**IN THE STATE COURT OF FORSYTH COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| NISHA LAKHANI,<br><br>PLAINTIFF,<br><br>v.<br><br>WAL-MART STORES EAST, LP (DELAWARE), WALMART INC., DOE 1, DOE 2, DOE 3, DOE 4, and DOE 5,<br><br>DEFENDANTS. | ) | Civil Action No.<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION**
**<u>AND NOTICE TO PRODUCE DOCUMENTS TO DEFENDANTS</u>**

TO: EACH DEFENDANT

Pursuant to O.C.G.A. § 9-11-26, *et seq.*, Plaintiff hereby requests that the Defendant(s) respond as provided by law, with a copy of the responses being served upon the undersigned counsel of record for the Plaintiff at Piasta Walker Hagenbush, LLC, 3301 Windy Ridge Parkway, Suite 110, Atlanta, Georgia 30339.

<u>DEFINITIONS AND INSTRUCTIONS</u>

A. These Requests for Production of Documents and notice to produce shall be deemed continuing to the extent permitted by O.C.G.A. § 9-11-26 *et. seq.*, so as to require Defendant to serve upon all parties supplemental answers or documents if Defendant or its attorneys obtain further information between the time the answers are served and the time of the trial. Plaintiff also requests that Defendant produce the originals of each document at trial and

any deposition of Defendant or their agents or employees.

B. "Document," whether singular or plural, means documents and other tangible things defined in the broadest sense permitted by the Georgia Civil Practice Act and shall include without limitation originals or, if such are not available, true copies, including copies of documents, videotapes, computer data, and sound material, **whether in physical or electronic form**.

C. You are to produce all documents that are in the possession, control or custody of you or in the possession, control or custody of any attorney for you. Without limiting the term "control," a document is deemed to be within your control if you have ownership, possession or custody of the document, or the right to secure the document or copy thereof from any person or public or private entity having physical possession thereof.

D. All duplicates or copies of documents are to be provided to the extent they have handwriting, additions, or deletions of any kind different from the original document being produced.

E. This Document Request requires you amend or supplement your production of documents called for by this Document Request.

F. In the event that any document requested has been lost or destroyed, you shall identify such document and, in addition, specify (a) the date of its loss or destruction; (b) the reason for its destruction; (c) the person authorizing its destruction; and (d) the custodian of the document immediately

preceding its loss or destruction.

G. Plaintiff requests that, with respect to each document not produced because of a claim of privilege, you specify in writing with respect to each purportedly privileged document, its author(s), recipient(s), nature (e.g. memorandum, letter), date, subject matter, the nature of the claimed privilege and all facts you rely on to support the claim of privilege. Plaintiff requests that you provide such descriptions within fifteen days after service of your response, or responses, to these documents requests.

H. If you object to any part of a document request, you shall produce all documents, or any portions thereof, covered by the request to which you do not object.

I. If you assert the attorney-client privilege or work-product doctrine as to any document requested by any of the following specific requests, please identify the document in sufficient detail to permit the Court to reach a determination in the event of Motion to Compel.

**REQUESTS FOR PRODUCTION**

Defendant is requested to produce each of the following:

1.

Any statement in your control from any person possessing relevant knowledge of the incident giving rise to this lawsuit, whether written or recorded.

2.

All photographs, charts, diagrams, videotapes, and other illustrations of

any person, place or thing involved in this lawsuit.

3.

All documents evidencing, reflecting, relating to or constituting any communication between you and another party in this action.

4.

All documents supporting or relating to Plaintiff's or any Defendant's contentions of negligence, including any allegation of non-party fault.

5.

Any correspondence, statements, documents, or other tangible evidence involving any of the witnesses or other individuals involved or with knowledge of the incident forming the basis of Plaintiff's Complaint.

6.

All documents evidencing, reflecting, relating to or constituting an accident or incident report regarding the occurrence forming the basis of this lawsuit.

7.

All documents that you receive in response to your Requests for Production of Documents to nonparties.

8.

All documents identified, referenced, or used to answer Plaintiff's discovery in this matter.

9.

Any and all documents that support any defenses or contentions raised in your Answer and pleadings, or any relevant fact to this litigation.

10.

All documents, pleadings and/or exhibits filed, served or prepared with any litigation involving personal injuries claims concerning Walmart shelves to which you have been a party and involving the Walmart located at 2395 Peachtree Parkway, Cumming, Georgia 30041 (the "Premises") for the past (5) years.

11.

Any cleaning, inspection, maintenance, or service records reflecting actions taken by you or your employees/ agents to the shelving area where Plaintiff was struck on the Premises on August 14, 2022 (the "date of incident").

12.

All documentary evidence or other tangible evidence which relates to, or is reasonably calculated to lead to, the discovery of relevant or admissible evidence, regarding any of the Plaintiff's claims in this action or Defendant's defenses.

13.

Please produce all policies of insurance, to include the declaration pages, which do or may afford insurance coverage Defendant for Plaintiff's claims against Defendant. This Request includes primary insurance coverage, excess insurance coverage, or any other type of liability insurance coverage, and medical-payments coverage. This request includes all documents affecting coverage, including reservation of rights documents.

14.

Please produce all reports and documents received from any persons who have investigated any issue(s) relevant to the subject incident and relevant to this lawsuit.

15.

Please produce all documents evidencing or reflecting any agreement regarding maintenance, cleaning, or inspecting the area where Plaintiff was struck.

16.

Please produce all claims forms, accident reports, or other documentation evidencing prior or subsequent complaints, problems, or injuries occurring on the Premises within five (5) years prior and through the date of incident.

17.

Please produce all log books, maintenance or inspection reports, permits, applications, work orders, or all other documents of any kind or by any other name which relate in any way to inspection, walkthrough, cleaning, or maintenance of the area in question before and after Plaintiff was struck.

18.

Please produce any demonstrative evidence relevant to the issues of this case.

19.

Please produce all documents, including employee handbooks, policy or procedure manuals, or video tapes, Defendant's policies regarding safety, training, cleaning, inspecting, hazard prevention, and bodily injury incident reporting and investigation related to the Premises.

20.

Produce all safety inspection and maintenance reports/ documents completed by any of your employees, agents or independent contractors with regard to the Premises on the date of incident and one week before and after the date of incident.

21.

Please produce safety inspection procedures for the Premises in effect on the date of incident.

22.

Produce all civil Complaints, or internal incident reports, warnings, e-mails, and documents completed by your employees, agents or independent contractors regarding similar claims, complaints, or incidents for the past seven (7) years on the Premises.

23.

Please produce all contracts or agreements between Defendant and any other entity for cleaning or inspecting the Premises.

24.

The entire file of all experts you intend to call at trial, including any document the expert reviewed, considered, or relied upon in forming his/her opinions; the expert's testimony/case lists; and the expert's curriculum vitae.

25.

Produce all notes, memoranda, minutes, and all other written evidence of safety meetings relating to or involving store shelves held by you from 2017 to the present at the subject Premises.

26.

Produce all architectural plans, drawings or designs of the Premises including layout of the area where Plaintiff fell.

27.

Please produce *all* video from the store on the Premises from the date of incident. **Note: this request specifically requests *all* video for all areas of the Premises.**

28.

All disciplinary actions, counseling statements, cancelled contracts, reprimands, termination letters, or other documents related to the subject incident.

29.

All documents which relate in any way to the inspection, cleaning, and maintenance of the shelves where Plaintiff was struck on the date of incident.

30.

Any incident report, photograph, witness/ customer/ employee statement, or other document/ video related to the subject incident on the date of incident.

31.

All emails, text messages, direct messages, letters, or any other written communications between you and any person or entity related to cleaning, inspecting, repairing, or maintaining the shelving units or shelves in the area where Plaintiff was struck on the date of incident for the past ten (10) years.

31.

All purchase orders, invoices, requests for proposals or any other document related to requests for service for cleaning, inspection, repair, or modification of shelving units or shelves in the area where Plaintiff was struck on the date of incident for the past ten (10) years.

You are requested to comply with said requests by producing and permitting the Plaintiff's attorney to inspect and copy the documents requested. In lieu of appearance at a document production, you may instead mail true and accurate copies of all documents or evidence to Piasta Walker Hagenbush, LLC, 3301 Windy Ridge Parkway, Suite 110, Atlanta, Georgia 30339

Dated: July 24, 2024.

**PIASTA WALKER HAGENBUSH, LLC**

*<u>/s/ Michael P. Walker</u>*
Michael P. Walker
Georgia Bar No. 954678
Haley K. Kairab

3301 Windy Ridge Parkway
Suite 110
Atlanta, Georgia 30339
(404) 996-1296
(404) 996-1316 (fax)
E: mike@piastawalker.com
haley@piastawalker.com

Georgia Bar No. 540243
*Counsel for Plaintiff*

IN THE STATE COURT OF FORSYTH COUNTY
STATE OF GEORGIA

NISHA LAKHANI,

Plaintiff,

v.

WAL-MART STORES EAST, LP,
WALMART INC.,
DOE 1, DOE 2, DOE 3, DOE 4 AND DOE 5,

Defendants.

_______________________________________/

Civil Action File No. 24SC-1601-B

ANSWER OF DEFENDANTS
WAL-MART STORES EAST, LP AND WALMART INC.

COME NOW, Defendants WAL-MART STORES EAST, LP and WALMART INC. and make this Answer to Plaintiff's Complaint as follows:

FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Defendants upon which relief can be granted.

SECOND DEFENSE

Plaintiff's alleged damages, if any, were directly and proximately caused by Plaintiff's own contributory negligence and failure to exercise ordinary care.

THIRD DEFENSE

Plaintiff was not in the exercise of ordinary care for her own safety in the

premises, and by the exercise of ordinary care could have avoided any injury to herself; and on account thereof, Plaintiff is not entitled to recover from Defendants.

FOURTH DEFENSE

Defendants denies that they were negligent in any manner whatsoever or that any negligent act or omission on their part caused or contributed to any injury or damage alleged to have been sustained by Plaintiff.

FIFTH DEFENSE

Plaintiff assumed the risk of any hazard that was presented and is thereby barred from recovering against Defendants.

SIXTH DEFENSE

Plaintiff's claims for attorney's fees should be dismissed as a matter of law.

SEVENTH DEFENSE

Plaintiffs claim for punitive damages is barred as a matter of law.

EIGHTH DEFENSE

The statutes of the State of Georgia which authorize the imposition of aggravated, exemplary, or punitive damages are contrary, by their express terms and as they may be applied to the Defendant in this case, to the Constitution of the United States of America, and the Georgia Constitution and are, therefore, void inasmuch as said statutes allow for the deprivation of property without due process

of law. (U.S. Const. amends V and XIV; Ga. Const. Art. 1, Section 1, Para. 1). Specifically, said statutes fail to define or provide advance notice of the prohibited behavior with reasonable clarity, fail to specify the upper limit of damages to be imposed, fail to set standards or criteria for the jury to apply in determining whether to impose punitive damages and, if so, the amount thereof. These defects in the statutes, inter alia, leave to the unbridled discretion of a random jury whether to impose such damages and the amount thereof, thereby authorizing an award of aggravated, exemplary, or punitive damages which is unpredictable, arbitrary, capricious, and disproportionate.

## NINTH DEFENSE

The statutes of the State of Georgia which authorize the imposition of aggravated, exemplary, or punitive damages are contrary, by their express terms and as they may be applied to the Defendant in this case, to the Constitution of the United States of America, and the Georgia Constitution and are, therefore, void inasmuch as said statutes deny this Defendant equal protection of the laws by providing fewer protections for civil litigants than the criminal laws provide to persons accused of violation of criminal statutes which provide for the imposition of monetary fines. (U.S. Const. Amend. XIV, Ga. Const. Art. 1, Section 1, Para. 2). Specifically, said statutes inter alia, fail to define or provide advance notice of

the prohibited behavior with reasonably clarity whereas criminal defendants are entitled to such notice; said statutes fail to specify the upper limit of damages to be imposed whereas criminal statutes imposing similar penalties must be limited; said statutes allow imposition of such damages upon the "preponderance of the evidence" rather than the "beyond a reasonable doubt" standard applied in similar criminal cases; and said statutes contemplate the imposition of such damages against civil litigants who have been compelled to give evidence against themselves under the Georgia Civil Practice Act whereas criminal defendants in similar cases cannot be so compelled.

TENTH DEFENSE

The statutes of the State of Georgia which authorize the imposition of aggravated, exemplary, or punitive damages are contrary, by their express terms and as they may be applied to the Defendant in this case, to the Constitution of the United States of America, and the Georgia Constitution and are, therefore, void inasmuch as said statutes allow for the imposition of an excessive fine. (U.S. Const. Amend. VIII and XIV; Ga. Const. Art. 1, Section 1, Para. 1.)

ELEVENTH DEFENSE

The statutes of the State of Georgia which authorize the imposition of aggravated, exemplary, or punitive damages are contrary, by their express terms

and as they may be applied to the Defendant in this case, to the Constitution of the United States of America, and the Georgia Constitution and are, therefore, void inasmuch as said statutes do not provide fair notice of (1) the severity of the potential punishment in relationship to the alleged degree of reprehensible conduct of Defendant, (2) the ratio of punitive damages award to the actual harm inflicted upon the Plaintiff, and (3) a comparison between the award and the civil or criminal penalties that could be imposed for comparable alleged misconduct. See BMW of North America, Inc. v. Gore, 116 U.S. 415, 133 L.Ed.2d 333, 115 S.Ct. 932 (1966); BMW of North America, Inc. v. Gore, 116 S.Ct. 1589 (1996); and Pacific Mutual Life Ins. Co. v. Haslip, 499 U.S. 1, 113 L.Ed.2d 1, 111 S.Ct. 1032 (1991).

TWELFTH DEFENSE

Defendants respond to the enumerated paragraphs of Plaintiff's Complaint as follows:

1.

Defendants deny as stated the allegations contained in paragraph 1 of the Plaintiff's Complaint.

2.

Defendants deny the allegations contained in paragraph 2 of Plaintiff's

Complaint. Jurisdiction and venue are now proper in the United States District Court, Northern District of Georgia, Gainesville Division.

3.

Defendants admit the allegations contained in paragraph 3 of the Plaintiff's Complaint.

4.

Defendants deny as stated the allegations contained in paragraph 3 of the Plaintiff's Complaint.

5.

Defendants deny the allegations contained in paragraph 5 of the Plaintiff's Complaint. Jurisdiction and venue are now proper in the United States District Court, Northern District of Georgia, Gainesville Division.

6.

Defendants admit the allegations contained in paragraph 6 of the Plaintiff's Complaint.

7.

Defendants deny the allegations contained in paragraph 7 of the Plaintiff's Complaint.

8.

Defendants admit only that Wal-Mart Stores East, LP operated, managed, and occupied the subject store. Defendants deny the remaining allegations contained in paragraph 8 of the Plaintiff's Complaint.

9.

Defendants lack sufficient information to either admit or deny the allegations contained in paragraph 9 of the Plaintiff's Complaint.

10.

Defendants deny the allegations contained in paragraph 10 of Plaintiff's Complaint.

11.

Defendants deny the allegations contained in paragraph 11 of the Plaintiff's Complaint.

12.

Defendants deny the allegations contained in paragraph 12 of the Plaintiff's Complaint.

13.

Defendants deny the allegations contained in paragraph 13 of the Plaintiff's Complaint.

14.

Defendants deny the allegations contained in paragraph 14 of the Plaintiff's Complaint.

15.

Defendants deny the allegations contained in paragraph 15 of the Plaintiff's Complaint.

16.

Defendants deny the allegations contained in paragraph 16 of Plaintiff's Complaint.

17.

Defendants deny the allegations contained in paragraph 17 of the Plaintiff's Complaint.

18.

Defendants deny the allegations contained in paragraph 18 of the Plaintiff's Complaint.

19.

Defendants deny the allegations contained in paragraph 19 of the Plaintiff's Complaint.

20.

Defendants deny the allegations contained in paragraph 20 of the Plaintiff's Complaint.

21.

Defendants deny the allegations contained in paragraph 21 of the Plaintiff's Complaint.

22.

Defendants deny the allegations contained in paragraph 22 of the Plaintiff's Complaint.

23.

Defendants deny the allegations contained in paragraph 23 of the Plaintiff's Complaint, including subparagraphs a), b), c), d), e), and f) thereof.

Second paragraph number 22.

Defendants deny the allegations contained in the second paragraph number 22 of the Plaintiff's Complaint.

24.

Defendants deny the allegations contained in the paragraph number 24 of the Plaintiff's Complaint.

25.

Defendants deny the allegations contained in paragraph 25 of Plaintiff's Complaint.

26.

Defendants deny the allegations contained in paragraph 26 of the Plaintiff's Complaint.

27.

Defendants deny the allegations contained in paragraph 27 of the Plaintiff's Complaint, including subparagraphs a), b), c), d), e), f), g), h) and i) thereof.

28.

Defendants deny the allegations contained in paragraph number 28 of the Plaintiff's Complaint.

29.

Defendants deny the allegations contained in paragraph 29 of the Plaintiff's Complaint.

30.

All other allegations contained in the Complaint which are not specifically responded to herein, are, therefore, denied.

31.

Defendants deny Plaintiff's prayer for relief, including subparagraphs 1), 2), 3), 4) and 5) thereof.

WHEREFORE, Defendants pray that Plaintiff's Complaint be dismissed with all costs cast upon the Plaintiff. DEFENDANTS DEMAND TRIAL BY A JURY OF TWELVE (12) PERSONS AS TO ALL ISSUES SO TRIABLE.

McLAIN & MERRITT, P.C.

/s/ Nicholas E. Deeb
Nicholas E. Deeb
Georgia Bar No. 117025
Danyelle J. Dukes
Georgia Bar No. 102953

Attorneys for Defendants
WALMART INC.
WAL-MART STORES EAST, LP

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA 30326
(404) 365-4535
(404) 364-3138 (fax)
ndeeb@mmatllaw.com
ddukes@mmatllaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing ANSWER OF DEFENDANTS has this day been filed and served upon opposing counsel via Peach Court E-File.

This the 23rd day of August, 2024.

McLAIN & MERRITT, P.C.

/s/ Nicholas E. Deeb
Nicholas E. Deeb
Georgia Bar No. 117025
Danyelle J. Dukes
Georgia Bar No. 102953

Attorneys for Defendants
WALMART INC.
WAL-MART STORES EAST, LP

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA 30326
(404) 365-4535
(404) 364-3138 (fax)
ndeeb@mmatllaw.com
ddukes@mmatllaw.com

IN THE STATE COURT OF FORSYTH COUNTY
STATE OF GEORGIA

NISHA LAKHANI,

Plaintiff,

v.

WAL-MART STORES EAST, LP,
WALMART INC.,
DOE 1, DOE 2, DOE 3, DOE 4 AND DOE 5,

Defendants.

______________________________/

Civil Action File No.
24SC-1601-B

## 12-PERSON JURY DEMAND

COME NOW Defendants, WAL-MART STORES EAST, LP and WALMART INC. and demand a trial by a jury of twelve (12) persons.

McLAIN & MERRITT, P.C.

/s/ Nicholas E. Deeb

Nicholas E. Deeb
Georgia Bar No. 117025
Attorneys for Defendants
WAL-MART STORES EAST, LP
WALMART INC.

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA 30326
(404) 365-4535
(404) 364-3138 (fax)
ndeeb@mmatllaw.com

CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing **12-PERSON JURY DEMAND** has this day been filed and served upon opposing counsel via Peachcourt E-File.

This the 23rd day of August, 2024.

McLAIN & MERRITT, P.C.

/s/ Nicholas E. Deeb
Nicholas E. Deeb
Georgia Bar No. 117025
Attorneys for Defendants
WAL-MART STORES EAST, LP
WALMART INC.

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA 30326
(404) 365-4535
(404) 364-3138 (fax)
ndeeb@mmatllaw.com